Nicholson, C. J.,
delivered the opinion of the Court.
Tieman sued App in the Municipal Court at Memphis in debt on an account for $597. Defendant pleaded nil debit. On the trial the defendant introduced and read, without objection, an itemized account for goods purchased in Cincinnati, regularly proven and authenticated. The case was submitted to the jury without any charge, who found a verdict for the plaintiff.
We are asked to reverse the judgment because the account was not made proferí of in the declaration, and because it was allowed to be read as evidence. The case of Hunter v. Anderson is relied on in support of these grounds for reversal. If defendant had denied the justice of the account, and had objected to its introduction as evidence, the court below would have been in error in pennitting the account to go to the jury as evidence. But as the statute makes the proven account from another county or State conclusive unless the account is denied on oath, and as no such oath was made, it follows that it was competent evidence, and was properly permitted to go to the jury. The defendant, by failing to deny the account on oath, or to object to its introduction as evidence, waived the objection which he might have taken for want of proferí. The case is entirely different from that of Hunter v. Anderson, and is not controlled by it. There is no error, and we affirm the judgment.